UNITED STATE DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ************************************* | * | CIVIL ACTION NO: |
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | * * * | |
| Plaintiff | * * | COMPLAINT |
| vs. | * * * | RE: 17 Boothbay Avenue South Portland, ME 04106 |
| Cheryl M. Matthews and Richard T. Matthews | * * | Mortgage: |
| Defendants | * * * * * | May 24, 2006; Book 24001, Page 295 |
| ***************************************** | | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan Graves and Longoria LLC, and hereby complains against the Defendants, Cheryl M. Matthews and Richard T. Matthews, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and the Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Loan Agreement executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants is the obligor and the total amount owed under the terms of the Loan Agreement two hundred forty-nine thousand, six hundred eighteen and 23/100 ($249,618.23) dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the subject property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Cheryl M. Matthews, is a resident of South Portland, County of Cumberland, and State of Maine.

6. The Defendant, Richard T. Matthews, is a resident of South Portland, County of Cumberland, and State of Maine.

FACTS

7. On October 13, 2005, by virtue of a Warranty Deed from Amy Jo Cavallaro and Michael P. Lee, which is recorded in the Cumberland County Registry of Deeds in **Book 23266, Page 211,** the property situated at 17 Boothbay Avenue, South Portland, County of Cumberland, and State of Maine, was conveyed to the Defendant, Cheryl M. Matthews, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On May 24, 2006, the Defendants, Cheryl M. Matthews and Richard T. Matthews, executed and delivered to Beneficial Maine Inc., a certain Loan Agreement in the amount of two hundred forty-nine thousand, six hundred eighteen and 23/100 ($249,618.23) dollars (herein after referred to as the "Loan Agreement") as affected by each Defendant's discharge in bankruptcy and accordingly this action does not seek any personal liability on the part of the Defendants but only seeks an in rem judgment against the property. *See* Exhibit B (a true and correct copy of the Loan Agreement is attached hereto and incorporated herein).

9. To secure said Loan Agreement, on May 24, 2006, Cheryl M. Matthews executed a Mortgage Deed in favor of Beneficial Maine Inc., securing the property located at 17 Boothbay Avenue, South Portland, ME 04106**,** which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 24001, Page 295** (herein after referred to as the "Mortgage"). *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust the by virtue of an Assignment of Mortgage dated January 6, 2016, and recorded in the Cumberland County Registry of Deeds in **Book 32878 , Page 225.** *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. On July 21, 2015 the Defendants, Cheryl M. Matthews and Richard T. Matthews, executed a Loan Modification Agreement which increased the principal balance to two hundred twenty thousand two hundred fifty and 29/100 ($220,250.29). *See* Exhibit E (a true and correct copy of the Loan Modification Agreement is attached hereto and incorporated herein).

12. On February 25, 2016 the Defendants, Cheryl M. Matthews and Richard T. Matthews, were sent a Notice of Mortgagor's Right to Cure (herein after referred to as the "Demand Letter"). *See* Exhibit F.

13. The Demand Letter informed the Defendants, Cheryl M. Matthews and Richard T. Matthews, of the payment due date; the total amount necessary to cure the default, and the deadline by which the default must be cured, which was no more than thirty-five (35) days from receipt of the Demand Letter.

14. The Defendants, Cheryl M. Matthews and Richard T. Matthews, have failed to cure the default prior to the expiration of the Demand Letter.

15. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the present holder of the Loan Agreement pursuant to possession of the Loan Agreement in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

16. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the lawful holder and owner of the Loan Agreement and Mortgage.

17. The total debt owned under the Loan Agreement and Mortgage as of August 22, 2016, if no payments are made, is two hundred three thousand three hundred thirty nine and 45/100 ($203,339.45) dollars, which includes: unpaid principal in the amount of one hundred forty three thousand, ninety three and 62/100 ($143,093.62) dollars; interest due in the amount of thirty nine thousand four hundred sixty eight and 25/100 ($39,468.25) dollars; escrow advance in the amount of sixteen thousand eight hundred one and 92/100 ($16,801.92) dollars; recoverable balance in the amount of three thousand, nine hundred sixteen and 28/100 and total fees in the amount of fifty-nine and 38/100 ($59.38) dollars, as affected by each Defendant's discharge in bankruptcy and accordingly this action does not seek any personal liability on the part of the Defendants but only seeks an in rem judgment against the property.

18. Upon information and belief, the Defendants, Cheryl M. Matthews and Richard T. Matthews, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

19. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 18 as if fully set forth herein.

20. This is an action for foreclosure respecting a real estate related mortgage and title located at 17 Boothbay Avenue, South Portland, County of Cumberland, and State of Maine. *See* Exhibit A.

21. The Plaintiff is the holder of the Loan Agreement referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Loan Agreement in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff has the right to foreclosure upon the subject property.

22. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Loan Agreement.

23. The Defendants, Cheryl M. Matthews and Richard T. Matthews, are presently in default on said Mortgage and Loan Agreement, having failed to make the monthly payment due March 4, 2016, and all subsequent payments, and therefore, has breached the condition of the aforesaid Mortgage and Loan Agreement.

24. The total debt owned under the Loan Agreement and Mortgage as of August 22, 2016, if no payments are made, is two hundred three thousand three hundred thirty nine and 45/100 ($203,339.45) dollars, which includes: unpaid principal in the amount of one hundred forty three thousand, ninety three and 62/100 ($143,093.62) dollars; interest due in the amount of thirty nine thousand four hundred sixty eight and 25/100 ($39,468.25) dollars; escrow advance in the amount of sixteen thousand eight hundred one and 92/100 ($16,801.92) dollars; recoverable balance in the amount of three thousand, nine hundred sixteen and 28/100; and total fees in the amount of fifty-nine and 38/100 ($59.38) dollars as affected by each Defendant's discharge in bankruptcy and accordingly this action does not seek any personal liability on the part of the Defendants but only seeks an in rem judgment against the property.

25. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of the these proceedings affecting the mortgaged premises at issue herein.

26. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

27. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Cheryl M. Matthews and Richard T. Matthews, on February 25, 2016. *See* Exhibit E.

28. The Defendants, Cheryl M. Matthews and Richard T. Matthews, are not in the Military as evidenced by the attached Exhibit G.

## COUNT II – BREACH OF LOAN AGREEMENT

29. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 28 as if fully set forth herein.

30. On May 24, 2006, the Defendants, Cheryl M. Matthews and Richard T. Matthews, executed and delivered to Beneficial Maine Inc., a certain Loan Agreement in the amount of two hundred forty-nine thousand, six hundred eighteen and 23/100 ($249,618.23) dollars (herein after referred to as the "Loan Agreement"). *See* Exhibit B

31. The Defendants, Cheryl M. Matthews and Richard T. Matthews, are in default under the terms of the Loan Agreement for failure to properly tender the March 4, 2016, payment, and all subsequent payments as affected by each Defendant's discharge in bankruptcy and accordingly this action does not seek any personal liability on the part of the Defendants but only seeks an in rem judgment against the property. *See* Exhibit G.

32. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Loan Agreement and is entitled to enforce the terms and conditions of the Loan Agreement due to its breach by the Defendants.

33. The Defendants, Cheryl M. Matthews and Richard T. Matthews, having failed to comply with the terms of the Loan Agreement and Mortgage, are in breach of both the Loan Agreement and the Mortgage.

34. The Defendants, Cheryl M. Matthews and Richard T. Matthews's, breach is knowing, willful, and continuing.

35. The Defendants, Cheryl M. Matthews and Richard T. Matthews, have caused the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to, money lent, interest, expectancy damages, as well as attorney's fees and costs.

36. The total debt owned under the Loan Agreement and Mortgage as of August 22, 2016, if no payments are made, is two hundred three thousand three hundred thirty nine and 45/100 ($203,339.45) dollars, which includes: unpaid principal in the amount of one hundred forty three thousand, ninety three and 62/100 ($143,093.62) dollars; interest due in the amount of thirty nine thousand four hundred sixty eight and 25/100 ($39,468.25) dollars; escrow advance in the amount of sixteen thousand eight hundred one and 92/100 ($16,801.92) dollars; recoverable balance in the amount of three thousand, nine hundred sixteen and 28/100; and total fees in the amount of fifty-nine and 38/100 ($59.38) dollars as affected by each Defendant's discharge in bankruptcy and accordingly this action does not seek any personal liability on the part of the Defendants but only seeks an in rem judgment against the property.

37. Injustice can only be avoided by awarding damages for the total amount owned under the Loan Agreement, including interest, plus costs and expenses, including attorney's fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

38. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

39. By executing, under seal, and delivering the Loan Agreement, Defendants, Cheryl M. Matthews and Richard T. Matthews, entered into a written contract with Beneficial Maine Inc., who agreed to loan the amount of two hundred forty-nine thousand, six hundred eighteen and 23/100 ($249,618.23) dollars to the Defendants. *See* Exhibit B.

40. As part of this contract and transaction, the Defendants Cheryl M. Matthews and Richard T. Matthews, executed the Mortgage to secure the Loan Agreement and the subject property. *See* Exhibit C.

41. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Loan Agreement and successor-in-interest to Beneficial Maine Inc., and has performed its obligations under the Loan Agreement and Mortgage.

42. The Defendants, Cheryl M. Matthews and Richard T. Matthews, have breached the terms of the Loan Agreement and Mortgage by failing to properly tender the March 4, 2016, and all subsequent payments. *See* Exhibit G.

43. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Loan Agreement and is entitled to enforce the terms and conditions of the Loan Agreement due to its breach by the Defendants.

44. The Defendants, Cheryl M. Matthews and Richard T. Matthews, having failed to comply with the terms of the Loan Agreement and Mortgage, is in breach of contract.

45. The Defendants, Cheryl M. Matthews and Richard T. Matthews, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of two hundred three thousand three hundred thirty nine and 45/100 ($203,339.45) dollars, for money lent by Plaintiff to the Defendants as affected by each Defendant's discharge in bankruptcy and accordingly this action does not seek any personal liability on the part of the Defendants but only seeks an in rem judgment against the property.

46. The Defendants, Cheryl M. Matthews and Richard T. Matthews's, breach is knowing, willful, and continuing.

47. The Defendants, Cheryl M. Matthews and Richard T. Matthews's, breach have caused the Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to, money lent, interest, expectancy damages, as well as attorney's fees and costs.

48. The total debt owned under the Loan Agreement and Mortgage as of August 22, 2016, if no payments are made, is two hundred three thousand three hundred thirty nine and 45/100 ($203,339.45) dollars, which includes: unpaid principal in the amount of one hundred forty three thousand, ninety three and 62/100 ($143,093.62) dollars; interest due in the amount of thirty nine thousand four hundred sixty eight and 25/100 ($39,468.25) dollars; escrow advance in the amount of sixteen thousand eight hundred one and 92/100 ($16,801.92) dollars; recoverable balance in the amount of three thousand, nine hundred sixteen and 28/100; and total fees in the amount of fifty-nine and 38/100 ($59.38) dollars as affected by each Defendant's discharge in bankruptcy and accordingly this action does not seek any personal liability on the part of the Defendants but only seeks an in rem judgment against the property.

49. Injustice can only be avoided by awarding damages for the total amount owned under the Loan Agreement and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney's fees.

## COUNT IV – QUANTUM MERUIT

50. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 49 as if fully set forth herein.

51. Beneficial Maine Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendants, Cheryl M. Matthews and Richard T. Matthews, two hundred forty-nine thousand, six hundred eighteen and 23/100 ($249,618.23) dollars as affected by each Defendant's discharge in bankruptcy and accordingly this action does not seek any personal liability on the part of the Defendants but only seeks an in rem judgment against the property. *See* Exhibit B.

52. The Defendants, Cheryl M. Matthews and Richard T. Matthews, are in default under the terms of the Loan Agreement and Mortgage by failing to properly tender the March 4, 2016, payment, and all subsequent payments. *See* Exhibit G.

53. As a result of the Defendants' failure to perform under the Loan Agreement and Mortgage, the Defendants have been unjustly enriched at the expense of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

54. As such, Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

55. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 54 as if fully set forth herein.

56. Beneficial Maine Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendants, Cheryl M. Matthews and Richard T. Matthews, two hundred forty-nine thousand, six hundred eighteen and 23/100 ($249,618.23) dollars as affected by each Defendant's discharge in bankruptcy and accordingly this action does not seek any personal liability on the part of the Defendants but only seeks an in rem judgment against the property. *See* Exhibit B.

57. The Defendants, Cheryl M. Matthews and Richard T. Matthews, have failed to repay the loan obligation under the terms of the Loan Agreement and Mortgage.

58. As a result, the Defendants, Cheryl M. Matthews and Richard T. Matthews, have been unjustly enriched to the determined of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, as successor-in-interest to Beneficial Maine Inc., by having received the aforesaid benefits and money and not repaying the said benefits and money.

59. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court in conformity with the debtor's discharges in bankruptcy:

a) Issue a judgment of foreclosure in conformity with Maine Title 14 § 6322;

b) Grant possession to the Plaintiff upon the expiration of the period of redemption;

c) Find that the Defendants are in breach of the Loan Agreement by failing to make the payment due as of March 4, 2016, and all subsequent payments;

d) Find that the Defendants is in breach of the Mortgage by failing to make the payment due March 4, 2016, and all subsequent payments;

e) Find that Defendants entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that that Defendants are in breach of contract by failing to comply with the terms and conditions of the Loan Agreement and Mortgage by failing to make the payment due March 4, 2016, and all subsequent payments;

g) Find that Plaintiff is entitle to enforce the terms and conditions of the Loan Agreement and Mortgage;

h) Find that by virtue of the Loan Agreement and Mortgage, the Defendants has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles Plaintiff to restitution;

j) Find that the Defendants is liable to the Plaintiff for money had and received;

k) Find that the Defendants is liable to the Plaintiff for quantum meruit;

l) Find the Defendants have appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendants to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff is entitle to restitution for this benefit from the Defendants;

o) Determine the amount due on said Mortgage and Loan Agreement, including principal, interest, reasonable attorney's fees, and court costs;

p) Additionally, issue a money judgment against the Defendants and in favor of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount two hundred three thousand three hundred thirty nine and 45/100 ($203,339.45) dollars, the total debt owned under the Loan Agreement plus interest and costs, including attorney's fees and costs subject to the debtor's discharges in bankruptcy;

q) For such other and further relief as this Honorable Court deems just and equitable.

                                              Respectfully Submitted,
                                              U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
                                              By its attorneys,

Dated: August 9, 2016                  /s/ John A. Doonan
                                              John A. Doonan, Esq. (BBO# 3250)
                                              Doonan, Graves & Longoria, LLC
                                              100 Cummings Center Suite 225D
                                              Beverly, MA 01915
                                              Tel. (978) 921-2670